UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: George Alfred Runkle, Jr., <br> Debtor | Case No. 17-35008-KLP <br> Chapter 7 |
| George Alfred Runkle, Jr., <br> Plaintiff, | |
| v. | Adv. Pro. No. 18-03086-KLP |
| Peoples Community Bank, <br> Defendant. | |

**MEMORANDUM OPINION AND ORDER**

This adversary proceeding comes before the Court on a notice of removal (the "Notice of Removal") filed on August 27, 2018, by Defendant Peoples Community Bank ("Peoples). The removed case was an action filed in July 2018 against Peoples by Plaintiff Debtor George Alfred Runkle, Jr. ("Runkle") (the "State Court Action") in the Circuit Court for Westmoreland County, Virginia, (the "State Court") in July 2018. In the State Court Action, Runkle sought, among other things, to have certain confessed judgments that were recorded in 2015 in the Circuit Court of Westmoreland County, Virginia, set aside. He also sought to avoid certain trustee sales and to have a 2016 Virginia Circuit Decision set aside. At the time of the removal to this Court, a motion to dismiss filed by Peoples was pending in the State Court Action.

On October 10, 2018, Peoples filed a motion seeking sanctions against Runkle (the "Peoples Motion for Sanctions"), claiming that Runkle filed the

1

State Court Action with the intent to harass or cause delay.  In support of its motion, Peoples argues that in the State Court Action, Runkle seeks to overturn final, unappealable State Court judgments.  It further argues that the State Court Action is barred by the doctrines of *res judicata* and collateral estoppel and is not supported in fact or law.

On September 28, 2018, Runkle filed a motion asking this Court to void certain state court foreclosure sales and to direct Peoples to return certain funds to him (the "Motion to Void").  The Motion to Void appears to seek the same relief Runkle seeks in the State Court Action; Peoples has characterized the Motion to Void as an amended complaint.

On October 10, 2018, Runkle filed a lengthy motion for sanctions against Peoples and its attorneys (the "Runkle Motion for Sanctions"), seeking to recover the sum of $7,141 for their conduct in previous litigation.  Attached to that motion is a one-page motion to dismiss his chapter 7 bankruptcy case with a three-year bar to refiling.[1]

On October 11, Peoples filed a motion to dismiss the Motion to Void (the "Peoples Motion to Dismiss"). Thereafter, on November 13, Runkle filed a document whose lengthy caption begins "Plaintiff/Debtor [sic] counter-motion to dismiss to Peoples Community Bank's Motion to Dismiss Motions" (the "Runkle Counter-Motion").

---

[1] The Court will not consider Runkle's motion to dismiss his case at this time. Such a motion is more properly brought in a debtor's main bankruptcy case, after notice to all parties.

The Court held a hearing on November 20, 2018, at which it heard the positions of the parties. The Court raised the issue of remand with the parties and offered the opportunity to submit additional pleadings on that issue. Runkle stated that he would like the State Court Action to be litigated in the State Court. Peoples' position was that the State Court Action should continue in this Court, and it requested a short period to research the issue. Peoples thereafter informed the Court that it does not intend to make a further submission on the issue of remand. Therefore, the matter is ripe for the Court's consideration.

28 U.S.C. § 1452 provides that civil actions may be removed to the district court "if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."[2] Section 1452 further provides that a court has broad discretion to remand a removed case on "any equitable ground." Factors used by courts to determine whether remand is proper include "the court's duty to decide matters properly before it; ... whether purely state law matters which could be better addressed by the state court are involved; ... prejudice to involuntarily removed parties; ... comity considerations; ... economical and/or duplicative use of judicial resources; ... effect a remand decision would have on the efficient and economic administration of the estate." *Kepley Broscious, PLC v. Ahearn (In re*

---

[2] 28 U.S.C. § 1334 sets forth the broad parameters of bankruptcy court jurisdiction in the district courts. In a standing order filed on August 15, 1984, the District Court for the Eastern District of Virginia referred all such matters to the Bankruptcy Judges of the Eastern District of Virginia.

3

*Ahearn)*, 318 B.R. 638, 643 (Bankr. E.D. Va. 2003) (quoting *Lone Star Indus., Inc. v. Liberty Mut. Ins.*, 131 B.R. 269, 273 (D. Del.1991)).

It is clear to the Court, after reviewing the pleadings and hearing the arguments of the parties, that the dispute between the parties arises solely from issues addressed, adjudicated, and, before removal, pending in the State Court. This Court now is being asked to examine the proceedings and rulings in a longstanding state court dispute between the parties, complete with aspersions against the integrity of the state court system. Considerations of comity require that the Court remand the State Court Action. Further, the issues are governed by state law, which the State Court is best equipped to address. A remand decision will allow the efficient use of judicial resources, as the State Court is better position to address the issues that have arisen in a dispute that has been before it for several years. Finally, Runkle, who has been represented by counsel in some of his previous state court litigation with Peoples over the past several years, initiated the State Court Action pro se and is proceeding pro se in this Court. Remand, which he prefers, may enable him to retain counsel who is familiar with his dispute with Peoples, and it would not prejudice Peoples, whose current counsel was already representing it in the State Court Action.

Alternatively, under 28 U.S.C. § 1334(c)(1), "in the interest of justice, or in the interest of comity with State courts or respect for State law," a court may abstain from "hearing a particular proceeding arising under title 11 or

arising in or related to a case under title 11." Abstention and remand are also proper under the circumstances of this case.

Factors used by courts to determine whether abstention is appropriate are similar to those used to determine whether remand is proper. This Court discussed abstention in *In re Ahearn,* citing twelve relevant factors:

> (1) the court's duty to resolve matters properly before it; (2) the predominance of state law issues and non-debtor parties; (3) the economical use of judicial resources; (4) the effect of remand on the administration of the bankruptcy estate; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) whether the case involves questions of state law better addressed by the state court; (7) comity considerations; (8) any prejudice to the involuntarily removed parties; (9) forum non conveniens; (10) the possibility of inconsistent results; (11) any expertise of the court where the action originated; and (12) the existence of a right to a jury trial.

318 B.R. at 644 (citations omitted). Here, the factors weigh heavily in favor of abstention. There is a predominance of state law issues; it is economical to allow this long-standing litigation to proceed in the court in which it has been actively litigated for several years; the State Court Action involves questions of state law best addressed by the State Court; there are no convenience issues as to the forum; and, the possibility of inconsistent results would be eliminated. In addition, while it is theoretically possible, it does not appear that the outcome of the State Court Action will have a significant effect on the bankruptcy estate.[3] Should the litigation result in an award in Runkle's

---

[3] Consistent therewith, the Court notes that the chapter 7 trustee has chosen not to intervene in this action despite assertions by Peoples that the bankruptcy estate would be entitled to any recovery that Runkle might obtain.

favor, he would be obligated to apprise the chapter 7 trustee of any potential recovery so that the trustee may evaluate whether it should be administered as property of the bankruptcy estate.

Therefore, it is appropriate, under both 28 U.S.C. §§ 1452 and 1334(c)(1), to remand this action to the State Court, and

IT IS ORDERED that the State Court Action and all matters filed in this adversary proceeding, including but not limited to the Peoples Motion for Sanctions, the Motion to Void, the Runkle Motion for Sanctions, the Peoples Motion to Dismiss, and the Runkle Counter-Motion, are remanded to the Circuit Court for Westmoreland County, Virginia, and it is further

ORDERED that Plaintiff George Alfred Runkle, Jr., keep the chapter 7 trustee apprised of the progress of the remanded case including, but not limited to, notifying the trustee of any judgment or recovery in said case.

Signed: December 4, 2018

/s/ Keith L. Phillips
United States Bankruptcy Judge

Entered on Docket: 12/6/18

Copies:

George Alfred Runkle, Jr.
PO Box 866
Montross, VA 22520

Timothy G. Moore
Spotts Fain PC
P.O. Box 1555
Richmond, VA 23218-1555

6

Peter J. Barrett
Kutak Rock L.L.P.
901 East Byrd Street
Suite 1000
Richmond, VA 23219-4071